**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **Cause No. 4:22-CR-00055 RLW** |
| **v.** | ) | |
| | ) | |
| **JARED MICHAEL DIEHL,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**DEFENDANT'S MOTION TO MODIFY CONDITIONS OF RELEASE**
**TO MOVE FROM HOME DETENTION TO CURFEW**

Comes now Defendant, by and through Counsel, and hereby respectfully requests that this Court modify the conditions of his release to move from home detention to curfew, with curfew to be determined by Pretrial Services.  In support of his request, Defendant states as follows:

1.     Defendant has pled to one count of Possession of Child Pornography, in violation of Title 18, United States Code, Section 2252A(a)(5) and (B).  Sentencing is scheduled for December 14, 2022.

2.     On March 22, 2022, Defendant was released on personal recognizance bond.  One condition was that Defendant submit to location monitoring with home detention by the Pretrial Services Office.  (See Doc. 11)

3.     Defendant respectfully requests that this Court modify his conditions of release to permit location monitoring with curfew.  Curfew times to be set by Pretrial Services as needed to accommodate their needs and Defendant's work schedule.

4.     Defendant seeks this modification to allow him flexibility to expand his work schedule to allow for additional shifts.  He also wishes to spend time with his mother and father doing recreational activities before he is sentenced.  If sentenced to prison, these few months before

sentencing would be his last opportunity to do so before going to prison. Those activities would not include any activities with children.

5.     Defendant would keep his whereabouts known to Pretrial Services as directed, and all other conditions of release would remain in place.

6.     Counsel is filing this motion to modify to curfew with the necessary location monitoring to comply with the Adam Walsh Child Protection and Safety Act, H.R.4472.

7.     Defendant has had no violations of pretrial release since his release.

8.     Defense Counsel has spoken to Defendant's Pretrial Officer Mallory Griep who has discussed this request with Defendant and states Pretrial Services has no objection to this request provided the Court sets the curfew as requested herein.

9.     Defense Counsel has spoken to Assistant United States Attorney Jillian Anderson who has stated the Government has no objection to this request provided the Court sets the curfew as requested herein.

WHEREFORE, Defendant respectfully requests that this Court modify his conditions of release and permit location monitoring with curfew with curfew to be determined by Pretrial Services. and grant any other relief the Court deems just and proper.

Respectfully submitted,


FRANK, JUENGEL & RADEFELD,
ATTORNEYS AT LAW, P.C.


By _/s/ Joseph W. Flees_____
   JOSEPH W. FLEES (#60872MO)
   Attorney for Defendant
   7710 Carondelet Avenue, Suite 350
   Clayton, Missouri 63105
   (314) 725-7777
   jflees@fjrdefense.com



**CERTIFICATE OF SERVICE**

I hereby certify that on September 27, 2022, the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon the following.

Jillian Anderson
Asst. United States Attorney
111 South Tenth Street, 20th Floor
St. Louis, Missouri, 63102

                    _/s/ Joseph W. Flees_____
                    JOSEPH W. FLEES

3